RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 3/31/15
BY ___

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

JAMES L. MOSS, M.D.

versus

UNUM PROVIDENT GROUP
CORPORATION, ET AL.

CIVIL ACTION NO. 13-3152
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is motion for decision on the stipulated record filed by each party to this lawsuit. <u>See</u> Record Documents 20 and 22. For the reasons set forth below, the court finds that the plaintiff has failed to exhaust his administrative remedies and dismisses his claims with prejudice.

## I. BACKGROUND[1]

Dr. James L. Moss ("Moss") is a urologist who practices with Regional Urology, L.L.C., in Shreveport, Louisiana. Moss has two disability policies with Unum.[2] The first policy, effective June 28, 1991, bears number H6001221 and

---

[1] The facts are primarily drawn from this court's previous rulings and the joint stipulation submitted by the parties. <u>See</u> Record Document 16 and Documents 72 and 74 in Civil Action Number 10-cv-0002.

[2] Moss purchased both policies from New York Life Insurance Company. However, the policies are administered by Paul Revere Life & Accident Insurance

provides a monthly disability benefit of $13,700.00. The second policy, effective July 20, 1993, bears number H3236853 and provides a monthly disability benefit of $2,500.00. On February 6, 2008, Moss filed a claim with Unum for total disability benefits under his policies. Moss claimed he suffered from osteoarthritis in his shoulders which precluded him from performing major surgery, endoscopy, or participating in clinical practice. See Record Document 16 at 2.

On June 5, 2009, Unum notified Moss of its decision to deny his claim. In addition to a providing a justification of its decision, the notice explained the administrative appeal process:

> If you or your physician(s) have additional information to support your request for disability benefits, we will be happy to reconsider your claim. Please send the additional information to my attention for further review within 180 days of the date of this letter. . . .
>
> If you do not have additional information, disagree with our determination, and want to appeal this claim decision, you must submit a <u>written</u> appeal. This appeal must be received by us within 180 days of the date of this letter. Your written appeal should include your comments and views of the issues, as well as any new documentation you may wish us to consider. . . .
>
> . . .
>
> If we do not receive your written appeal within 180 days of the date of this letter, our claim determination will be final.

---

Company, a subsidiary of Unum Group.

Record Document 18 at 000912-000913 (emphasis added). Moss did not appeal Unum's decision but rather filed suit against Unum in state court seeking benefits and statutory penalties on December 3, 2009. See Record Document 16 at 2. Unum removed the case to this court on January 4, 2010.[3] Both parties filed motions for judgment based on the administrative record.[4] Moss asserted that he was not required to exhaust his administrative remedies because his efforts would have been futile. This argument was rejected by this court and judgment was entered on March 14, 2013, dismissing Moss's claims, without prejudice, for failure to exhaust administrative remedies.

Thereafter, on April 16, 2013, Moss's counsel wrote to Unum and attempted to appeal its December 10, 2009, decision[5] to deny benefits to Moss. Unum

---

[3]That case was assigned number 10-cv-0002.

[4]The parties also filed a Joint Stipulation Of Facts in which they agreed that the Employee Retirement Income Security Act of 1974 ("ERISA") governed the plans at issue. Moss subsequently moved this court to strike the ERISA scheduling order. The court reviewed briefs submitted by the parties on the issue and ruled that Moss's claims were governed by ERISA. See Record Documents 72 and 73 in 10-cv-0002.

[5]Unum sent its original denial letter to Moss on June 5, 2009. However, Unum sent a second letter to Moss on December 10, 2009, "updating" Moss on the status of his claim, reaffirming its original denial, and reiterating the appeal process. See Record Document 18 at 000985-000994. The December 10 letter also informed Moss that his claim for residual disability benefits was being closed due to his failure to provide requested information. See id. at 000986. Both

responded to Moss by letter on April 29, 2013, and informed Moss that it was unable to review the claim because the request was submitted far beyond the 180 day deadline that followed the original denial of benefits. Moss then filed the instant suit in state court, claiming entitlement to disability benefits. The lawsuit was removed and this court is again set to rule on Moss's attempts to receive disability benefits from Unum.

## II. LAW AND ANALYSIS

Moss is seeking reversal of a decision by Unum denying him long-term disability benefits for an injury that has allegedly prevented him from performing certain medical procedures constituting part of his livelihood. As detailed above, this denial of benefits was the subject of a virtually identical case filed by the same plaintiff against the same defendant that this court dismissed without prejudice for failure to exhaust administrative remedies. See Moss v. Unum, Civil Action No. 10-cv-0002, 2013 WL 1087688 (W.D. La. Mar. 14, 2013). In the instant suit, Moss once again urges the court to find that Unum's denial of his disability benefits was arbitrary and capricious, and thus requires reversal, whereas Unum again argues that Moss has still failed to exhaust his administrative remedies.

---

Unum and this court have used the date of the second letter, December 10, 2009, as the date which commenced the 180 day period to appeal.

ERISA authorizes a civil action by a participant "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Before this court can review an administrator's decision under ERISA, Moss must first exhaust all of his administrative remedies. See Bourgeois v. Pension Plan for Emp. of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000). The Fifth Circuit has clearly stated that a "claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits." Lacy v. Fulbright & Jaworski, 405 F.3d 254, 256 (5th Cir. 2005). This requirement is in place in order to: (1) uphold Congress's desire to have ERISA trustees rather than federal courts be responsible for the actions of plan administrators; (2) provide a clear record of the administrative action; and (3) allow judicial review under the abuse of discretion standard, as opposed to de novo, "to keep from turning every ERISA action, literally into a federal case." Denton v. First Nat'l Bank of Waco, Tex., 765 F.2d 1295, 1300 (5th Cir. 1985); Bourgeois, 215 F.3d at 479 n.4. When exhaustion would be futile or the remedy is inadequate, the exhaustion requirement is excused. See id.; Hall v. Nat'l Gypsum Co., 105 F.3d 225, 232 (5th Cir. 1997); see also Baptist Mem'l Hosp. - Desoto Inc. v. Crain Auto., Inc., 392 F. App'x 288 (5th Cir. 2010) (excusing failure to exhaust administrative remedies because the plan failed to provide notice that it denied the claim).

5

Moss's motion for decision on the stipulated record failed to address whether he had sufficiently exhausted his administrative remedies. See Record Document 20. However, in his reply to Unum's response to his motion, Moss acknowledges that this court has previously determined that he failed to exhaust his administrative remedies, but asserts that the court should "re-examine its prior ruling based upon the following arguments:" (1) the letter drafted by Unum acknowledged that Moss did not have to appeal if there are "special circumstances," a vague and ambiguous term that should be construed against Unum such that Moss did exhaust his administrative remedies prior to filing suit; (2) Moss's claim was considered and denied by Unum multiple times, thus fulfilling the underlying purpose of the exhaustion requirement; and (3) the time delay for filing an appeal was interrupted by Moss filing suit on December 2, 2009, and Moss requested an administrative appeal within the remaining time following dismissal of his suit. Record Document 24 at 1. The court will address each of Moss's arguments seriatim.[6]

### A. Moss's First Argument--Special Circumstances.

The letter sent by Unum to Moss on December 10, 2009, contained the

---

[6] Although Unum argues that Moss failed to exhaust his administrative remedies, Unum completely failed to address or rebut any of Moss's three specific arguments to the contrary. The court will, however, address Moss's arguments, and Unum is strongly cautioned to respond to specific arguments in future filings with this court.

following paragraph:

> If you dispute this determination, you have the right to bring a civil action under section 502(a) of the Employee Retirement Income Security Act following an adverse benefit determination on review. Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.

Record Document 18 at 000994. Moss attempts to capitalize on the phrase "special circumstances" to argue that he was excused from filing an administrative appeal prior to filing suit.

Moss correctly points out that the letter from Unum did not define special circumstances or provide any examples. Therefore, Moss asserts that the language should be construed against its drafter, Unum. Moss further alleges that "the Defendant acting in bad faith and violating the plain terms and conditions of the policy[7] constituted a 'special circumstance.'" Record Document 24 at 3. This court does not agree. Should allegations of bad faith and violations of policies constitute special circumstances, the administrative appeal requirement would be rendered effectively null. At no point was Moss led to believe that his case presented "special

---

[7]Moss alleged in his petition that Unum "utilized methodology to both define and deny total disability benefits to Dr. Moss that violated the plain terms and conditions of his policies of disability insurance and thus acted in bad faith." Record Document 24 at 3.

circumstances" or that he was excused from the requirement of pursuing an administrative appeal. Therefore, this court finds that a special circumstance did not excuse the requirement for Moss to file an administrative appeal.

**B.     Moss's Second Argument--Exhaustion Requirement Fulfilled.**

Next, Moss asserts that the underlying purpose of the exhaustion of administrative remedies has been fulfilled in his case. He alleges that he was notified that Unum denied his claim, that his attorney notified Unum that he disagreed with the decision, that he provided Unum with additional documentation and that Unum denied his claim again. In light of all of these actions, Moss argues that the purpose of the exhaustion requirement was fulfilled.

After Moss received a letter from Unum stating that he did not qualify for total disability benefits, his attorney called a representative from Unum to inform him that he did not agree with the denial. See Record Document 18 at 000916. Thereafter, on July 16, Moss provided additional documentation to Unum related to Moss's alleged income losses regarding residual disability benefits. See id. at 000920-000934. Then, on December 10, 2009, Unum advised Moss by letter that "it was and remains our determination that Dr. Moss does not qualify for Total Disability benefits as defined in his policies." Id. at 000986. Unum further informed Moss that he "may, however, qualify for Residual Disability benefits as defined in the Residual Disability

Rider attached to each of his policies. But until/unless he submits the information which we have requested from him on numerous occasions, we are unable to make that determination." Id. Therefore, Moss presumes that "[b]y submitting additional information to Defendant, and having Defendant deny his claim for a second time, Dr. Moss 'effectively exhausted' his administrative remedies." Record Document 24 at 7 (emphasis in original).

Moss's attempt to circumvent the administrative appeal process by arguing "effective exhaustion" fails. The submission of additional information to Unum does not deter from the fact that Moss was explicitly instructed regarding the appeal process in the letter from Unum that followed his submission of additional information. On December 10, 2009, the administrative appeal process was, again, clearly and succinctly explained. Nothing in the documentation before the court indicates that the purposes of the exhaustion requirement have been fulfilled and certainly the submission of additional information to Unum does not negate the requirement of first pursuing an administrative appeal. Instead of filing an administrative appeal, Moss chose to file suit. His failure to file an administrative appeal is fatal to his claim.

### C.  Moss's Third Argument--Time For Appeal Was Interrupted By Filing Suit.

Moss contends that the time delay for filing an appeal was interrupted by the

filing of suit on December 3, 2009, and, therefore, due to the interruption, his request for an administrative appeal was timely. Moss cites no support for this argument and the court finds none as well. Moss attempts to rely upon Unum's statement in its brief that "an ERISA plan's internal appeal deadlines are to be followed just as any statute of limitations."[8] Moss then cites to Louisiana Civil Code article 3462, which provides that "[p]rescription is interrupted when the owner commences action . . . in a court of competent jurisdiction and venue." Moss then concludes that prescription was interrupted for him when he commenced his first civil action.

When Moss's previous action was dismissed for failure to exhaust administrative remedies, this court did not alter the plan's appeal deadline, nor did it imply that it had the authority to do so. Furthermore, if the court now concluded that the filing of Moss's first suit interrupted prescription, it would effectively be thwarting the administrative appeal requirement.[9] Therefore, this court finds that its decision to dismiss Moss's first case without prejudice did not interrupt the time for

---

[8] Unum cited Swanson v. Hearst Corp. Long Term Disability Plan, 586 F.3d 1016 (5th Cir. 2009) and cases from other circuits in support of this proposition. See Record Document 22 at 6.

[9] One could also argue that Moss did not commence an action in a court of competent jurisdiction, as the administrative appeal process had not yet been exhausted.

Moss to file an administrative appeal.[10]

### III. CONCLUSION

Moss has failed to demonstrate that he has exhausted his administrative remedies or that he was excused from doing so. Therefore, his claims against Unum

---

[10]In his April 16, 2013, letter to Unum, Moss also asserts that the court's prior rulings "reinstate Dr. Moss' right to appeal." Record Document 18 at 001049. Moss does not make this argument in his filings currently before this court. However, even had he done so, the argument would have failed. In a virtual procedural twin case involving the same lawyers, Judge Elizabeth E. Foote concluded that her decision to dismiss the plaintiff's first case without prejudice for failure to exhaust administrative remedies did not "reinstate" the plaintiff's right to appeal. See Poch v. UnumProvident Corp., Documents 27 and 28 in Case Number 12-cv-1878 (W.D. La. August 15, 2013). Judge Foote succinctly stated:

> Interpreting the Court's previous decision as extending the administrative appeals deadline raises vexing questions that one would expect the Court to have addressed if that were its intention. The Court did not discuss the source of its authority to alter the plan's appeal deadline. If the Court believed it had the power to change the appeal deadline, it did not state when exactly the appeals clock would begin to run again and for how long the clock would run. [The plaintiff] simply assumes another 180 day period would be appropriate, but he cites no other order of the Court or other legal authority to support this assumption.
>
> . . . The Court therefore finds that its decision to dismiss the first case without prejudice did not extend [the plaintiff's] deadline to appeal his denial of benefits.

Id. at 5. This court agrees with Judge Foote's reasoning and finds that this court's decision to dismiss Moss's first case without prejudice for failure to exhaust administrative remedies did not reinstate Moss's right to appeal.

for disability benefits must be dismissed. Nor has Moss shown that he will be able to timely exhaust his administrative remedies in the future. Dismissal with prejudice is therefore appropriate. See Dawson Farms L.L.C. v. Farm Serv. Agency, 504 F.3d 592, 607 (5th Cir. 2007) ("While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer possible, dismissal may be with prejudice.") (citations omitted). Accordingly, Moss's claims against Unum are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 30th day of March, 2015.

_____
JUDGE TOM STAGG